CASE UNSEALED PER ORDER OF COURT

~~SEALED~~

FILED

2012 NOV -8 PM 2:31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>BLAINE POLLOCK,<br><br>                    Defendant. | Case No. __12 CR 4599 MMA__<br><br>I N D I C T M E N T<br><br>Title 26, U.S.C., Sec. 7206(1) -<br>Filing False Tax Returns; Title 18,<br>U.S.C., Sec. 2 - Aiding and<br>Abetting; Title 26, U.S.C.,<br>Sec. 7206(2) - Aiding and<br>Assisting in the Filing of False<br>Tax Returns |

The grand jury charges:

Count 1

(False Statement on Individual Tax Return)

In or about April 2007, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2006, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $82,765, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax

DDL:nlv:San Diego
11/7/12

return; and (b) the return reported on Schedule B, Part III, line 7a that defendant BLAINE POLLOCK did not have an interest in or a signature or other authority over a financial account in a foreign country at any time during 2006, whereas, defendant BLAINE POLLOCK knew and believed this statement to be false.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

## Count 2

### (False Statement on Individual Tax Return)

On or about April 14, 2008, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2007, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $99,520, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax return; and (b) the return reported on Schedule B, Part III, line 7a that defendant BLAINE POLLOCK did not have an interest in or a signature or other authority over a financial account in a foreign country at any time during 2007, whereas, defendant BLAINE POLLOCK knew and believed this statement to be false.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

//

//

2

<div align="center">Count 3</div>

<div align="center">(False Statement on Individual Tax Return)</div>

On or about April 14, 2009, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2008, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $181,408, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax return; and (b) the return reported on Schedule B, Part III, line 7a that defendant BLAINE POLLOCK did not have an interest in or a signature or other authority over a financial account in a foreign country at any time during 2008, whereas, defendant BLAINE POLLOCK knew and believed this statement to be false.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

<div align="center">Count 4</div>

<div align="center">(False Statement on Individual Tax Return)</div>

On or about February 24, 2010, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2009, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material

<div align="center">3</div>

1  matter in that the return reported total income on line 22 of

2  $421,650, whereas, defendant BLAINE POLLOCK knew and believed that his

3  correct taxable income was in excess of the amount reported on the tax

4  return.

5  All in violation of Title 26, United States Code, Section 7206(1); and

6  Title 18, United States Code, Section 2.

7                              Count 5

8  (Aiding and Assisting False Statement on TRPN Corporate Tax Return)

9       In or about 2007, within the Southern District of California,

10  defendant BLAINE POLLOCK did willfully aid and assist in, and procure,

11  counsel, and advise the preparation and presentation to the Internal

12  Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,

13  of Three Rivers Provider Network for the calendar year 2006. The

14  return and attached Line 26 itemized schedule were false and

15  fraudulent as to material matters, in that: (a) the return represented

16  that Three Rivers Provider Network was entitled under the provisions

17  of the Internal Revenue laws to claim other deductions on line 26 of

18  $3,592,328, whereas, defendant BLAINE POLLOCK knew and believed that

19  this amount exceeded the deductions Three Rivers Provider Network was

20  entitled to claim on line 26 for the calendar year 2006; and (b) the

21  Line 26 itemized schedule represented that Three Rivers Provider

22  Network had incurred $783,716 in deductible "technology fees,"

23  whereas, defendant BLAINE POLLOCK knew and believed that this amount

24  exceeded the actual technology fees incurred by Three Rivers Provider

25  Network for the calendar year 2006.

26  All in violation of Title 26, United States Code, Section 7206(2).

27  //

28  //

4

1

<u>Count 6</u>

2

(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

3

In or about 2008, within the Southern District of California,

4

defendant BLAINE POLLOCK did willfully aid and assist in, and procure,

5

counsel, and advise the preparation and presentation to the Internal

6

Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,

7

of Three Rivers Provider Network for the calendar year 2007. The

8

return and attached Line 26 itemized schedule were false and

9

fraudulent as to material matters, in that: (a) the return reported

10

gross receipts or sales on line 1a of $9,020,838, whereas, defendant

11

BLAINE POLLOCK knew and believed that the correct gross receipts or

12

sales was in excess of the amount reported on the tax return; (b) the

13

return represented that Three Rivers Provider Network was entitled

14

under the provisions of the Internal Revenue laws to claim other

15

deductions on line 26 of $5,569,997, whereas, defendant BLAINE POLLOCK

16

knew and believed that this amount exceeded the deductions Three

17

Rivers Provider Network was entitled to claim on line 26 for the

18

calendar year 2007; and (c) the Line 26 itemized schedule represented

19

that Three Rivers Provider Network had incurred $1,316,235 in

20

deductible "technology fees," whereas, defendant BLAINE POLLOCK knew

21

and believed that this amount exceeded the actual technology fees

22

incurred by Three Rivers Provider Network for the calendar year 2007.

23

All in violation of Title 26, United States Code, Section 7206(2).

24

<u>Count 7</u>

25

(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

26

In or about 2009, within the Southern District of California,

27

defendant BLAINE POLLOCK did willfully aid and assist in, and procure,

28

counsel, and advise the preparation and presentation to the Internal

1 | Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,
2 | of Three Rivers Provider Network for the calendar year 2008. The
3 | return and attached Line 26 itemized schedule were false and
4 | fraudulent as to material matters, in that: (a) the return reported
5 | gross receipts or sales on line 1a of $9,193,188, whereas, defendant
6 | BLAINE POLLOCK knew and believed that the correct gross receipts or
7 | sales was in excess of the amount reported on the tax return; (b) the
8 | return represented that Three Rivers Provider Network was entitled
9 | under the provisions of the Internal Revenue laws to claim other
10 | deductions on line 26 of $5,411,368, whereas, defendant BLAINE POLLOCK
11 | knew and believed that this amount exceeded the deductions Three
12 | Rivers Provider Network was entitled to claim on line 26 for the
13 | calendar year 2008; and (c) the Line 26 itemized schedule represented
14 | that Three Rivers Provider Network had incurred $1,175,618 in
15 | deductible "technology fees," whereas, defendant BLAINE POLLOCK knew
16 | and believed that this amount exceeded the actual technology fees
17 | incurred by Three Rivers Provider Network for the calendar year 2008.
18 | All in violation of Title 26, United States Code, Section 7206(2).

19 | <div align="center">Count 8</div>
20 | (Aiding and Assisting False Statement on TRPN Corporate Tax Return)
21 | In or about 2010, within the Southern District of California,
22 | defendant BLAINE POLLOCK did willfully aid and assist in, and procure,
23 | counsel, and advise the preparation and presentation to the Internal
24 | Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,
25 | of Three Rivers Provider Network for the calendar year 2009. The
26 | return and attached Line 26 itemized schedule were false and
27 | fraudulent as to material matters, in that: (a) the return reported
28 | gross receipts or sales on line 1a of $12,104,120, whereas, defendant

<div align="center">6</div>

1   BLAINE POLLOCK knew and believed that the correct gross receipts or

2   sales was in excess of the amount reported on the tax return; (b) the

3   return represented that Three Rivers Provider Network was entitled

4   under the provisions of the Internal Revenue laws to claim other

5   deductions on line 26 of $7,077,138, whereas, defendant BLAINE POLLOCK

6   knew and believed that this amount exceeded the deductions Three

7   Rivers Provider Network was entitled to claim on line 26 for the

8   calendar year 2009; and (c) the Line 26 itemized schedule represented

9   that Three Rivers Provider Network had incurred $1,260,851 in

10  deductible "technology fees," whereas, defendant BLAINE POLLOCK knew

11  and believed that this amount exceeded the actual technology fees

12  incurred by Three Rivers Provider Network for the calendar year 2009.

13  All in violation of Title 26, United States Code, Section 7206(2).

14                              Count 9

15   (Aiding and Assisting False Statement on MCS Corporate Tax Return)

16        In or about 2007, within the Southern District of California,

17  defendant BLAINE POLLOCK did willfully aid and assist in, and procure,

18  counsel, and advise the preparation and presentation to the Internal

19  Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,

20  of Managed Care Strategies, Inc. for the calendar year 2006. The

21  return and attached Line 26 itemized schedule were false and

22  fraudulent as to material matters, in that: (a) the return represented

23  that Managed Care Strategies, Inc. was entitled under the provisions

24  of the Internal Revenue laws to claim other deductions on line 26 of

25  $775,137, whereas, defendant BLAINE POLLOCK knew and believed that

26  this amount exceeded the deductions Managed Care Strategies, Inc. was

27  entitled to claim on line 26 for the calendar year 2006; and (b) the

28  Line 26 itemized schedule represented that Managed Care Strategies,

1 | Inc. had incurred $404,000 in deductible "technology fees," whereas,

2 | defendant BLAINE POLLOCK knew and believed that this amount exceeded

3 | the actual technology fees incurred by Managed Care Strategies, Inc.

4 | for the calendar year 2006.

5 | All in violation of Title 26, United States Code, Section 7206(2).

6 | <center>Count 10</center>

7 | <center>(Aiding and Assisting False Statement on MCS Corporate Tax Return)</center>

8 | In or about 2008, within the Southern District of California,

9 | defendant BLAINE POLLOCK did willfully aid and assist in, and procure,

10 | counsel, and advise the preparation and presentation to the Internal

11 | Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120,

12 | of Managed Care Strategies, Inc. for the calendar year 2007. The

13 | return and attached Line 26 itemized schedule were false and

14 | fraudulent as to material matters, in that: (a) the return represented

15 | that Managed Care Strategies, Inc. was entitled under the provisions

16 | of the Internal Revenue laws to claim other deductions on line 26 of

17 | $485,040, whereas, defendant BLAINE POLLOCK knew and believed that

18 | this amount exceeded the deductions Managed Care Strategies, Inc. was

19 | entitled to claim on line 26 for the calendar year 2007; and (b) the

20 | Line 26 itemized schedule represented that Managed Care Strategies,

21 | Inc. had incurred $390,000 in deductible "technology fees," whereas,

22 | defendant BLAINE POLLOCK knew and believed that this amount exceeded

23 | the actual technology fees incurred by Managed Care Strategies, Inc.

24 | for the calendar year 2007.

25 | All in violation of Title 26, United States Code, Section 7206(2).

26 | //

27 | //

28 | //

<center>8</center>

Count 11

(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2009, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2008. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $697,925, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2008; and (b) the Line 26 itemized schedule represented that Managed Care Strategies, Inc. had incurred $323,554 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Managed Care Strategies, Inc. for the calendar year 2008.

All in violation of Title 26, United States Code, Section 7206(2).

Count 12

(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2010, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2009. The return and attached Line 26 itemized schedule were false and

fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $744,127, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2009; and (b) the Line 26 itemized schedule represented that Managed Care Strategies, Inc. had incurred $712,695 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Managed Care Strategies, Inc. for the calendar year 2009.

All in violation of Title 26, United States Code, Section 7206(2).

DATED: November 8, 2012.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
DAVID D. LESHNER
Assistant U.S. Attorney

10