FILED

2013 JUN 27 PM 12:20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___MO___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2011 Grand Jury

| UNITED STATES OF AMERICA, | ) | Case No. <u>12CR4599-MMA</u> |
|---|---|---|
| Plaintiff, | ) | <u>I N D I C T M E N T</u> |
| | ) | **(Superseding)** |
| v. | ) | |
| | ) | Title 26, U.S.C., Sec. 7206(1) - Filing False Tax Returns; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 26, U.S.C., Sec. 7206(2) - Aiding and Assisting in the Filing of False Tax Returns; Title 18, U.S.C., Sec. 371 - Conspiracy |
| BLAINE POLLOCK, | ) | |
| Defendant. | ) | |

The grand jury charges:

<u>Count 1</u>

(False Statement on Individual Tax Return)

In or about April 2007, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2006, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $82,765, whereas, defendont BLAINE POLLOCK knew and believed that his

DDL:lml(nlv):San Diego
6/27/13

1  correct taxable income was in excess of the amount reported on the tax
2  return; and (b) the return reported on Schedule B, Part III, line 7a
3  that defendant BLAINE POLLOCK did not have an interest in or a
4  signature or other authority over a financial account in a foreign
5  country at any time during 2006, whereas, defendant BLAINE POLLOCK
6  knew and believed this statement to be false.
7  All in violation of Title 26, United States Code, Section 7206(1); and
8  Title 18, United States Code, Section 2.

## Count 2

(False Statement on Individual Tax Return)

On or about April 14, 2008, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2007, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $99,520, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax return; and (b) the return reported on Schedule B, Part III, line 7a that defendant BLAINE POLLOCK did not have an interest in or a signature or other authority over a financial account in a foreign country at any time during 2007, whereas, defendant BLAINE POLLOCK knew and believed this statement to be false.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

//

## Count 3

### (False Statement on Individual Tax Return)

On or about April 14, 2009, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2008, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material matter in that: (a) the return reported total income on line 22 of $181,408, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax return; and (b) the return reported on Schedule B, Part III, line 7a that defendant BLAINE POLLOCK did not have an interest in or a signature or other authority over a financial account in a foreign country at any time during 2008, whereas, defendant BLAINE POLLOCK knew and believed this statement to be false.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

## Count 4

### (False Statement on Individual Tax Return)

On or about February 24, 2010, within the Southern District of California, defendant BLAINE POLLOCK did willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return, Form 1040 for the year 2009, which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, and which return defendant BLAINE POLLOCK did not believe to be true and correct as to every material

matter in that the return reported total income on line 22 of $421,650, whereas, defendant BLAINE POLLOCK knew and believed that his correct taxable income was in excess of the amount reported on the tax return.

All in violation of Title 26, United States Code, Section 7206(1); and Title 18, United States Code, Section 2.

## Count 5
(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

In or about 2007, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Three Rivers Provider Network for the calendar year 2006. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return represented that Three Rivers Provider Network was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $3,592,328, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Three Rivers Provider Network was entitled to claim on line 26 for the calendar year 2006; and (b) the Line 26 itemized schedule represented that Three Rivers Provider Network had incurred $783,716 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Three Rivers Provider Network for the calendar year 2006.

All in violation of Title 26, United States Code, Section 7206(2).

//
//

## Count 6

(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

In or about 2008, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Three Rivers Provider Network for the calendar year 2007. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return reported gross receipts or sales on line 1a of $9,020,838, whereas, defendant BLAINE POLLOCK knew and believed that the correct gross receipts or sales was in excess of the amount reported on the tax return; (b) the return represented that Three Rivers Provider Network was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $5,569,997, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Three Rivers Provider Network was entitled to claim on line 26 for the calendar year 2007; and (c) the Line 26 itemized schedule represented that Three Rivers Provider Network had incurred $1,316,235 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Three Rivers Provider Network for the calendar year 2007. All in violation of Title 26, United States Code, Section 7206(2).

## Count 7

(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

In or about 2009, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal

Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Three Rivers Provider Network for the calendar year 2008. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return reported gross receipts or sales on line 1a of $9,193,188, whereas, defendant BLAINE POLLOCK knew and believed that the correct gross receipts or sales was in excess of the amount reported on the tax return; (b) the return represented that Three Rivers Provider Network was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $5,411,368, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Three Rivers Provider Network was entitled to claim on line 26 for the calendar year 2008; and (c) the Line 26 itemized schedule represented that Three Rivers Provider Network had incurred $1,175,618 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Three Rivers Provider Network for the calendar year 2008. All in violation of Title 26, United States Code, Section 7206(2).

<u>Count 8</u>

(Aiding and Assisting False Statement on TRPN Corporate Tax Return)

In or about 2010, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Three Rivers Provider Network for the calendar year 2009. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return reported gross receipts or sales on line 1a of $12,104,120, whereas, defendant

BLAINE POLLOCK knew and believed that the correct gross receipts or sales was in excess of the amount reported on the tax return; (b) the return represented that Three Rivers Provider Network was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $7,077,138, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Three Rivers Provider Network was entitled to claim on line 26 for the calendar year 2009; and (c) the Line 26 itemized schedule represented that Three Rivers Provider Network had incurred $1,260,851 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Three Rivers Provider Network for the calendar year 2009. All in violation of Title 26, United States Code, Section 7206(2).

### Count 9
(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2007, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2006. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $775,137, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2006; and (b) the Line 26 itemized schedule represented that Managed Care Strategies,

1  Inc. had incurred $404,000 in deductible "technology fees," whereas,
2  defendant BLAINE POLLOCK knew and believed that this amount exceeded
3  the actual technology fees incurred by Managed Care Strategies, Inc.
4  for the calendar year 2006.
5  All in violation of Title 26, United States Code, Section 7206(2).

## Count 10

(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2008, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2007. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $485,040, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2007; and (b) the Line 26 itemized schedule represented that Managed Care Strategies, Inc. had incurred $390,000 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Managed Care Strategies, Inc. for the calendar year 2007.

All in violation of Title 26, United States Code, Section 7206(2).

//
//
//

## Count 11

(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2009, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2008. The return and attached Line 26 itemized schedule were false and fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $697,925, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2008; and (b) the Line 26 itemized schedule represented that Managed Care Strategies, Inc. had incurred $323,554 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Managed Care Strategies, Inc. for the calendar year 2008.

All in violation of Title 26, United States Code, Section 7206(2).

## Count 12

(Aiding and Assisting False Statement on MCS Corporate Tax Return)

In or about 2010, within the Southern District of California, defendant BLAINE POLLOCK did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, of Managed Care Strategies, Inc. for the calendar year 2009. The return and attached Line 26 itemized schedule were false and

fraudulent as to material matters, in that: (a) the return represented that Managed Care Strategies, Inc. was entitled under the provisions of the Internal Revenue laws to claim other deductions on line 26 of $744,127, whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the deductions Managed Care Strategies, Inc. was entitled to claim on line 26 for the calendar year 2009; and (b) the Line 26 itemized schedule represented that Managed Care Strategies, Inc. had incurred $712,695 in deductible "technology fees," whereas, defendant BLAINE POLLOCK knew and believed that this amount exceeded the actual technology fees incurred by Managed Care Strategies, Inc. for the calendar year 2009.

All in violation of Title 26, United States Code, Section 7206(2).

## Count 13

### (Conspiracy)

Beginning on a date unknown to the grand jury, but no later than 2005, and continuing to a date unknown to the grand jury, but through at least March 17, 2011, within the Southern District of California, and elsewhere, defendant BLAINE POLLOCK did knowingly conspire with others known and unknown to the grand jury to defraud the United States for the purpose of impeding, obstructing, and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income taxes.

### MANNER AND MEANS

In furtherance of the conspiracy, and to effect the objects thereof, defendant BLAINE POLLOCK and his co-conspirators utilized the following manner and means among others:

//

//

1. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network and Managed Care Strategies to transfer funds to overseas entities controlled by defendant BLAINE POLLOCK and his co-conspirators for his personal benefit without reporting those funds as income to him on his personal income tax returns.

2. Defendant BLAINE POLLOCK and his co-conspirators held the funds transferred from Three Rivers Provider Network and Managed Care Strategies and utilized the funds to make purchases for defendant BLAINE POLLOCK's benefit. Defendant BLAINE POLLOCK did not report those purchases on his personal income tax returns.

3. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network and Managed Care Strategies to transfer funds to domestic entities for defendant BLAINE POLLOCK's personal benefit without reporting those funds as income to him on his personal income tax returns.

4. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network and Managed Care Strategies to falsely record the foregoing transfers to overseas and domestic entities as business expenses and to improperly include those expenses as deductions on corporate income tax returns.

5. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network to hold funds in "off the books" bank accounts for defendant BLAINE POLLOCK's personal benefit without reporting those funds as income to him on his personal income tax returns.

//
//
//

6. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network not to record funds held in the "off the books" bank accounts in corporate records and not to report those funds as income on corporate tax returns.

7. Defendant BLAINE POLLOCK and his co-conspirators caused Three Rivers Provider Network and other entities to make purchases and expenditures for defendant BLAINE POLLOCK's personal benefit without reporting those purchases and expenditures as income to him on his personal income tax returns.

## OVERT ACTS

In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

1. Between 2005 and 2009, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $3,782,433 to a Gibraltar account held by Professional & Corporate Trust, an overseas entity.

2. Between 2006 and 2009, defendant BLAINE POLLOCK caused Managed Care Strategies to transfer approximately $1,080,000 to a Gibraltar account held by Professional & Corporate Trust, an overseas entity.

3. Between 2009 and 2010, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $1,081,693 to a Liechtenstein account held by Leeward Trust, an overseas entity.

4. Between 2009 and 2010, defendant BLAINE POLLOCK caused Managed Care Strategies to transfer approximately $600,000 to a Liechtenstein account held by Leeward Trust, an overseas entity.

//

5. In 2010, defendant BLAINE POLLOCK caused World Health Education Organization Foundation to transfer approximately $507,923 to a Liechtenstein account held by Leeward Trust, an overseas entity.

6. Between 2005 and 2009, Professional & Corporate Trust transferred funds received from Three Rivers Provider Network and Managed Care Strategies to a Gibraltar account held by Paloma Holdings, Ltd., an overseas entity.

7. Between 2009 and 2010, Leeward Trust transferred funds received from Three Rivers Provider Network and Managed Care Strategies to a Liechtenstein subaccount held by Harbour Holdings, an overseas entity.

8. Defendant BLAINE POLLOCK caused Three Rivers Provider Network and Managed Care Strategies to record the transfers to Professional & Corporate Trust and Leeward Trust as legitimate business expenses, such as "technology fees," notwithstanding that neither Professional & Corporate Trust nor Leeward Trust provided any such services to Three Rivers Provider Network or Managed Care Strategies.

9. In 2005, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $6,787 to domestic entities for his personal benefit.

10. In 2006, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $450,000 to domestic entities for his personal benefit.

11. In 2007, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $540,000 to domestic entities for his personal benefit.

//

12. In 2008, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $40,000 to domestic entities for his personal benefit.

13. In 2009, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $294,891 to domestic entities for his personal benefit.

14. In 2010, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $439,368 to domestic entities for his personal benefit.

15. In 2010, defendant BLAINE POLLOCK caused World Health Education Organization Foundation to transfer approximately $251,103 to domestic entities for his personal benefit.

16. In 2007, defendant BLAINE POLLOCK caused approximately $1.2 million to be deposited in a Bank of America account held by Three Rivers Provider Network and maintained "off the books."

17. In 2008, defendant BLAINE POLLOCK caused approximately $395,000 to be deposited in a Bank of America account held by Three Rivers Provider Network and maintained "off the books."

18. In 2009, defendant BLAINE POLLOCK caused approximately $767,000 to be deposited in a Bank of America account held by Three Rivers Provider Network and maintained "off the books."

19. In 2010, defendant BLAINE POLLOCK caused approximately $38,564 to be deposited in a Bank of America account held by Three Rivers Provider Network and maintained "off the books."

20. In 2008, defendant BLAINE POLLOCK caused approximately $787,000 to be deposited in a Washington Mutual account held by Three Rivers Provider Network and maintained "off the books."

//

21. In 2009, defendant BLAINE POLLOCK caused Risk & General Insurance to transfer approximately $3.98 million to a Liechtenstein account held by Leeward Trust, an overseas entity.

22. In 2006, defendant BLAINE POLLOCK caused a yacht to be purchased for his personal benefit for approximately $416,000 using funds from Three Rivers Provider Network.

23. In 2006, defendant BLAINE POLLOCK caused a recreational vehicle to be purchased for his personal benefit for approximately $166,000 using funds from Paloma Holdings, Ltd.

24. In 2007, defendant BLAINE POLLOCK caused a residence to be purchased in Chula Vista, California for his personal benefit, for approximately $1.378 million using funds from, among other sources, Three Rivers Provider Network and Doctors Receivable Support Group.

25. In 2007, defendant BLAINE POLLOCK caused Paloma Holdings, Ltd. to transfer $1.2 million to Doctors Receivable Support Group pursuant to a loan agreement relating to the purchase of the residence in Chula Vista, California described above.

26. In 2008, defendant BLAINE POLLOCK caused a residence to be purchased in Coronado, California for his personal benefit for approximately $5.7 million using funds from Paloma Holdings, Ltd.; Medical Claims Resolution, Inc.; Risk & General Insurance; and Three Rivers Provider Network.

27. In 2008, defendant BLAINE POLLOCK caused a residence to be purchased in the Philippines for his personal benefit for approximately $148,000 using funds from Paloma Holdings, Ltd.

28. In 2008, defendant BLAINE POLLOCK utilized funds from Paloma Holdings, Ltd. to facilitate the purchase of a residence in Chula Vista, California for the benefit of family members.

29.  In 2009, defendant BLAINE POLLOCK caused a residence to be purchased in San Francisco, California for his personal benefit, for approximately $2.4 million using funds from Professional & Corporate Trust and Three Rivers Provider Network.

30.  In 2010, defendant BLAINE POLLOCK caused a yacht to be purchased for his personal benefit for approximately $1.3 million using funds from Leeward Trust and Harbour Holdings.

31.  In 2007, defendant BLAINE POLLOCK caused Paloma Holdings, Ltd. to transfer approximately $600,000 to J.J.P., his spouse at the time, pursuant to a Marital Settlement Agreement.

32.  In 2008, defendant BLAINE POLLOCK caused Three Rivers provider Network to transfer approximately $100,000 to J.J.P. pursuant to a Marital Settlement Agreement.

33.  In 2009, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $900,000 to Chateaus Artiste, an entity controlled by J.J.P., pursuant to a Marital Settlement Agreement.

34.  In 2009, defendant BLAINE POLLOCK caused Three Rivers Provider Network to transfer approximately $108,000 to Chateaus Artiste, an entity controlled by J.J.P.

35.  In 2009, defendant BLAINE POLLOCK caused Paloma Holdings, Ltd. to transfer approximately $48,000 to Chateaus Artiste, an entity controlled by J.J.P.

36.  In 2010, defendant BLAINE POLLOCK caused World Health Organization and Education Foundation to transfer approximately $207,834 to Chateaus Artiste, an entity controlled by J.J.P.

//

37. Between 2005 and 2011, defendant BLAINE POLLOCK caused Three Rivers Provider Network and other entities to make payments for his personal benefit, including but not limited to travel, jewelry, automobiles and weddings.

All in violation of Title 18, United States Code, Section 371.

DATED: June 27, 2013.

A TRUE BILL:

*[signature]*
Foreperson

LAURA E. DUFFY
United States Attorney

By: *[signature]*
DAVID D. LESHNER
Assistant U.S. Attorney