1
2
3
4

Sanjay Bhandari (SBN 181920)
bhandaris@ballardspahr.com
BALLARD SPAHR LLP
655 West Broadway, Suite 1600
San Diego, California 92101-8494
Telephone:   (619) 696-9200
Facsimile:   (619) 696-9269

5
6
7
8

Robert Barnes (SBN 235919)
robertbarnes@barneslawllp.com
BARNES LAW LLP
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone:   (310) 510-6211
Facsimile:   (310) 510-6225

9

*Attorneys for Defendant Blaine Pollock*

10

11          **UNITED STATES DISTRICT COURT**

12         **SOUTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  UNITED STATES OF AMERICA, | CASE NO. 12-CR-4599-MMA |
| 15            Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| 16            v. | JOINT MOTION TO DECLARE CASE COMPLEX AND SET |
| 17  BLAINE POLLOCK, | STATUS HEARING |
| 18            Defendant. | |
| 19 | |
| 20 | |

21
22
23
24
25
26
27
28

The defense and the prosecution jointly request that the Court declare this case "complex" under the Speedy Trial Act, 18 U.S.C. § 3161. The parties also jointly request that the Court vacate the December 16, 2013 hearing date, and set a status conference for February 3, 2014 at 2:00 p.m. (a date and time cleared with the Courtroom Deputy).

In support of this request, the parties respectfully submit as follows:

1.    The Speedy Trial Act enables a Court to exclude time and grant a continuance under a variety of circumstances, including where the Court finds "that the interests of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a finding may be based on a Court's determination that a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for the pretrial proceedings for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

2.    The complex issues and volume of discovery in this case amply support a finding of that the interests of justice would be served by the granting of a continuance, and that these interests outweigh any countervailing interest in a more speedy trial.

3.    The June 2013 Superseding Indictment alleges improprieties in both personal income tax returns and the corporate income tax returns of two corporations, Three Rivers Provider Network, Inc. ("TRPN") and Managed Care Strategies, Inc. ("MCS"), across several tax years.  Complex accounting and tax issues raised by these allegations include the amount of corporate revenues in various years; the total amount of tax deductions these corporations were entitled to claim in various years under the facts and the tax code and; the correct amount

of particular tax deductions taken by the corporations in various years. The defense submits that it must evaluate related technical tax issues such as transfer pricing, technology fees, captive insurance premiums, and self-funded reserves. The defense also submits it must also evaluate opinions and work product of professional advisors (including attorneys and accountants) regarding transactions and corporate structures placed in issue in the indictment, and in the affidavit supporting the search warrant during the investigation that led to the indictment.

4.      The accounting and other records related to these allegations are voluminous. Initial discovery provided by the government included seven DVDs and five CDs, totaling approximately 10 gigabytes of data including approximately 33,000 pages of documents and 44 hours of audio recordings. The government also provided a 2 terabyte hard drive containing copies of electronic media imaged from the corporate offices of TRPN and MCS during execution of search warrants in March 2011. This hard drive contains a vast amount of data, including nearly 100 email custodians' communications, 8 computers/workstations, 2 electronic file servers (containing a vast array of files, including numerous shared folders of corporate employees), and various other electronic data including thumb drives, CDs, and telephones. The defense's initial forensic analysis of these materials yielded approximately 100 gigabytes of user-created data (e.g., word processing documents, spreadsheets) for review. In addition, in November 2013, the government provided substantial additional discovery. In November 2013, the government also agreed to cooperate with and provide a schedule for the inspection and copying of hard copy documents and other physical items seized during its search of TRPN and MCS's corporate offices, as well as other sites. Although as of the filing of this motion an inspection of this evidence has not been scheduled, for purposes of estimating the volume of this material, the index/inventory pages describing those materials span twenty-two pages.

5.     The parties have been working cooperatively and productively to resolve discovery and other issues without the intervention of the Court, but believe that additional time is required to work through the issues before they can provide the Court a reliable estimate of the time required for pretrial motions and trial preparation.

6.     The defense represents to the Court that Mr. Pollock consents to this request for a finding of complexity and exclusion of time under 18 U.S.C. § 3161, understanding his Speedy Trial Act rights, and that his consent is knowing and voluntary.  Mr. Pollock acknowledges his obligation to be present at the February 3, 2014 hearing.

For the reasons set forth above, the parties jointly request that the Court enter an Order (1) finding that this case qualifies as "complex" under the Speedy Trial Act, (2) vacating the December 16, 2013 hearing date, (3) setting a status hearing on February 3, 2014, and (4) excluding time until that hearing.

Dated: December 6, 2013          U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA

By: /s/ David D. Leshner
Attorneys for Plaintiff U.S.A.
Email:  David.leshner@usdoj.gov

Dated: December 6, 2013          BALLARD SPAHR LLP

By: /s/ Sanjay Bhandari
Attorneys for Defendant Pollock
Email:  bhandaris@ballardspahr.com

Dated: December 6, 2013          BARNES LAW LLP

By: /s/ Robert Barnes
Attorneys for Defendant Pollock
Email:  robertbarnes@barneslawllp.com